## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ABERCROMBIE & FITCH TRADING CO.,

       Plaintiff,

vs.

ABERCROMBIESIRELANDS.NET a/k/a ABNIB.CO.UK;
1ELITEMARTIALARTS.COM a/k/a 4MONTHSATSEA.COM a/k/a
ALLTHINGSNEWBYSHARI.COM a/k/a AMEPA-MAROC.COM a/k/a
CARTO-TECHNILOIRE.COM a/k/a DAZELMUSIC.COM a/k/a
EDUTAINMENTTEACHER.COM a/k/a MISTRESS-ELISE-
JAMES.COM a/k/a MORNINGGLORYBBQ.COM a/k/a
NATURALTRIBULATION.COM a/k/a NO-SUGAR-RECIPES.COM;
4REAL-TRAVEL-WRITING.COM a/k/a DJ-JACKA.COM a/k/a
ELEGANCIA-MODE.COM a/k/a JEHYUNGKIM.COM a/k/a
SOPHIEBRIDELANCE.COM a/k/a TATTIECHOMPER.COM;
AAKAARMARBLES.COM a/k/a KEVINOOI.COM a/k/a NAO-
COCOMI.COM a/k/a NEXUSTOURSANDTRAVEL.COM;
ABOUTCOOKINGSTORE.COM a/k/a ARASIYALKALAM.COM
a/k/a GCFUNSTUFF.COM a/k/a JESHEEHY.COM a/k/a
KOBESTYLIST.COM a/k/a LOCAUNCORKED.COM a/k/a
MAKERFAIREROUEN.COM a/k/a SKLEPHP.COM a/k/a
THEGAUDYBLOG.COM a/k/a VISIBLEEXPRESSION.COM a/k/a
WHIMSYBYSKYE.COM; ADVENTUREEXPERIENCES.CO.UK a/k/a
ANTIWRINKLESKIN.CO.UK a/k/a
EDINBURGHFIXEDGEAR.CO.UK a/k/a HCOSHIRTSALEAU.COM
a/k/a LAZYPASTA.CO.UK a/k/a MEDIWORK.CO.UK;
AFRIENDLYDRAINCLEANER.COM a/k/a GAWINDOWTINT.COM
a/k/a STUDIOSPACESANTAROSA.COM;
ALESSIORAVERACHION.COM a/k/a BHS-WEDDING-
PLANNER.COM a/k/a CATERERSAKSHAYA.COM a/k/a
CATHYNEUSCHAFER.COM a/k/a FOXSWIFT.COM a/k/a
SONHEIASSIM.COM; ALEXISLONDONBEAUTY.COM a/k/a
AORITMA.COM a/k/a ARTISANRENOVATIONINC.COM a/k/a
DECOSTYL17.COM a/k/a INTHERAWK9GRUB.COM a/k/a
JDCORRIGAN.COM a/k/a MASSVOLL-STATT-VOLL.COM a/k/a
PACRIMGOURMET.COM a/k/a PITTURAOLIO.COM a/k/a
QUINDESAMAY.COM a/k/a TIMSFASHION.COM;
ALLGREENNURSERIES.COM; ALWAYSEQUESTRIAN.COM a/k/a
MEPHISTOSGRILL.COM; ANYASUSHKO-BLOG.COM a/k/a
BCIWILLISTON.COM a/k/a COMPUTECTRANSMISSIONS.COM
a/k/a GULABO2H.COM a/k/a LAMBIANCEUR.COM a/k/a

LIGHTHOUSEHITS.COM a/k/a MONTECARLOSUNRESORT.COM
a/k/a RITZZDESIGN.COM a/k/a TEAMTOTALOUTDOORS.COM;
ARANDAENVIVO.COM a/k/a COLLEYARCHITECTS.COM a/k/a
FENDERMENDERSFREDONIA.COM a/k/a
PALISADELUMBERNJ.COM a/k/a
RUNWITHTHEPACKBOSTON.COM;
ARVADLOCKANDKEYCO.COM a/k/a CCCA-ONLINE.COM a/k/a
FREDERICOLACERDA.COM a/k/a JENINTHECITY.COM a/k/a
NEWAMSTERDAMSHEPHERD.COM a/k/a
ONSEKIZMARTPROJE.COM a/k/a PLUMBINGINSANJOSECA.COM
a/k/a SREERAMCNC.COM a/k/a YEESACUPUNCTURE.COM;
ASOKAAALLOYS.COM a/k/a GLOBALFMRADIO.COM a/k/a
NATURALIZATIONONLINE.COM a/k/a PRIMA-CONSEIL.COM
a/k/a REVIVALTIDES.COM a/k/a SUPIRAKENNE.COM a/k/a
WILDROSEBOUDOIR.COM; ASPERBAND.COM a/k/a
CYRUSKAZEMI.COM a/k/a RNCCONSULTANTS.COM a/k/a
SMASHTUNE.COM; ASPIRAATIONS.COM a/k/a
ENCHANTEDIMAGESBYMK.COM a/k/a FELICIATHEGEM.COM
a/k/a MARIELOUWEB.COM; AVEDATECH.COM a/k/a
CRISALIDEMUSIC.COM; BANDBSERVICE-WY.COM a/k/a S-A-
MELIA.COM; BEDHEAVENPLUS.COM a/k/a CHHOTIDEVI-
BED.COM a/k/a HARBOURWAYJA.COM a/k/a PBAASSOCS.COM
a/k/a TAXIJOANN.COM; BEEALIVESHOTS.COM;
BESTOUTLETSTORE2017.COM; BEYKOZPOLATEMLAK.COM
a/k/a EVERGREENSOLOS.COM a/k/a KAIASCREATIONS.COM
a/k/a NOKIDONTHEBLOCK.COM a/k/a TOREROJAPAN-
BATHROOM.COM; BEYONDNORMALLLC.COM;
BINA4LIFE.COM; BROCBLOG.COM a/k/a
FERRARIFUNDAY.CO.UK a/k/a LUV2PASS.CO.UK a/k/a
STORYFEST.CO.UK; FAIRYBLUELIGHT.COM a/k/a GBA-
MOVIE.COM a/k/a HUCKNALLMANUFACTURING.COM a/k/a
MASTERKITCHENCENTER.COM a/k/a
NEWYEARSEVEINADELAIDE.COM a/k/a TS-TONG.COM;
CANTORMETZGER.COM a/k/a SKIANDSUNTOURS.COM;
CARMELCREEKFARM.COM a/k/a KEYANDLOCK1.COM a/k/a
SARTORIAMARKO.COM a/k/a THEPEBBLEDGARDEN.COM a/k/a
VFCDISTRIBUTORSQC.COM; CEDAR-TRAVEL.COM a/k/a GAEC-
DU-CHAILLOUE.COM a/k/a PASCAL-PAYSANT.COM a/k/a
PEPINIERISTE-LORRIS.COM a/k/a SPACEFANNEWS.COM;
CENTRALCOASTWINDOWS.COM a/k/a CHUXTAPOSITION.COM
a/k/a FERNANDOABBOTT.COM a/k/a JENSCOOLSTUFF.COM a/k/a
LARNEMUSEUMANDARTSCENTRE.COM a/k/a
RADIOCALCIO.COM; HOLLISTERAUSTRALIAONLINE.COM a/k/a
HOLLISTERSHORTS.CO.UK a/k/a THERANCHOGRILL.CO.UK;
CLOUDNETHK.COM; DEMELLOSGLASS.CO.UK a/k/a
M7MARKETING.US a/k/a TAYLORPEST.US a/k/a

VALESPECIAL.CO.UK; COOKING-FOR-BEGINNERS.COM;
CYBERDATOSLTDA.COM; FRAMEYOURVIEW.COM;
DAVIDSSPIRITUALMUSING.COM a/k/a
FAMILYPAWNSHOPWAIPAHU.COM a/k/a J2KONSULTS.COM
a/k/a KEYWEST-LOCKSMITH.COM a/k/a
STACIANGELINAMERCADO.COM a/k/a SULEYMANERKISI.COM
a/k/a WHYJANEAUSTEN.COM a/k/a
WILLIAMNOGUERAART.COM a/k/a WOOFTHEATRE.COM;
DAVIESPLUMBINGHEATING.COM a/k/a FREDJOURNAL.COM
a/k/a INSPIRINGOM.COM; SOUTHERNSPECIFIC.COM;
DONROGERSINCNJ.COM a/k/a H2DOWNLOADS.COM a/k/a
WISDOMPROPERTYLIMITED.COM; DRYCLEANING101.COM
a/k/a LEVEILAUCHOCOLAT.COM; DULKERIANRUGS.COM a/k/a
HOTEL-LECOLLIER.COM a/k/a NAEHZENTRUM-
MUENCHEN.COM; ECOGDA.COM a/k/a ELDERCARTHEW.COM
a/k/a ELECTRICIEN-FRANCONVILLE.COM a/k/a
LOMBOKPROPERTI.COM a/k/a MEMORYGARDENER.COM a/k/a
MICRONST.COM a/k/a MOSAICFORUM.COM a/k/a
NURHANGAZERYAN.COM a/k/a ORCHIDCART.COM a/k/a
RAKUEN1.COM a/k/a REFORMKEIKAKU.COM a/k/a
ROSIECOYOTE.COM a/k/a WILEYHILL.COM;
FAMOUSLADYASTROLOGER.COM a/k/a SEAHORSEFAB.COM
a/k/a WARNER-AUTOBODY.COM; FREE-TABAC.COM;
FUZZYEARSPETCARE.COM; GALO-GUTIERREZ.COM;
HAVEAPIECEOFCAKE.COM; HEIDIGALLOWAY.COM a/k/a
REGULATORYRECEIVER.COM a/k/a
WIRELESSWALKIETALKIE.COM;
HHINTEGRATIVEPHARMACY.COM; HOLLISTER-OUTLET.COM;
HOLLISTERSALE.UK a/k/a HOLLISTERSALE.US;
QUAINTANDQUIRKYEVENTHIRE.CO.UK a/k/a RCFMG.CO.UK;
HOWWEBSTUFFWORKS.COM; IBLPOPENLETTER.COM a/k/a
ORACLEUSERLIST.COM; IDLECHILD.CO.UK; IGOR-PEJIC.COM
a/k/a MIXSDESIGN.CO.UK; JDPAVINGANDMASONRY.COM a/k/a
METIRES.COM a/k/a PYTHAGOREANONLINE.COM a/k/a
REJOICENEWENGLAND.COM a/k/a SOBAYAKOU.COM; J-
SHAMPOO.COM; LAESCUELATEATROMI.COM a/k/a
NBBDOC.COM; LAWBOD50.COM; LINNHEVIEW.CO.UK;
MANANDVANCAMDEN.COM; NEWMEDIAMADISON.COM;
PILATESHEADTOTOE.COM; PRO-ENVIRO.CO.UK;
PROMOSYONVEMATBAA.COM;
RAREEARTHMETALPRICING.COM;
RESTAURANTDOMIZANA.COM; ROTHERBRIDGE.ORG.UK;
SARDEGNAINSERZIONI.COM; SHIPPINGFORTMYERS.COM;
SONRAGONET.COM; STUDIOLEGALESPERRO.COM;
TAELEEN.COM; TOPFIVEALBUMS.COM; and

X1TECHNOLOGY.COM, EACH AN INDIVIDUAL, PARTNERSHIP
OR UNINCORPORATED ASSOCIATION,

        Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Abercrombie & Fitch Trading Co. ("Abercrombie"), hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified above and on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Abercrombie's trademarks within this district through various fully interactive commercial Internet websites operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names"). In support of its claims, Abercrombie alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for federal trademark counterfeiting and infringement, false designation of origin, cybersquatting, common law unfair competition, and common law trademark infringement, pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Abercrombie's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.    Defendants are subject to personal jurisdiction in this district because they operate commercial websites accessible in this district and direct business activities toward consumers throughout the United States, including within the State of Florida and this district through at

least the fully interactive commercial Internet websites operating under the Subject Domain Names.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants are, upon information and belief, aliens who engage in infringing activities and cause harm within this district by advertising, offering to sell, and/or selling infringing products into this district.

## THE PLAINTIFF

4.      Abercrombie is a corporation organized under the laws of the State of Ohio with its principal place of business located at 6301 Fitch Path, New Albany, Ohio 43054. Abercrombie operates retail outlets throughout the United States, including within this district. Abercrombie has been, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, clothing and other goods under multiple world famous common law and federally registered trademarks, including those identified in Schedule "B" hereto. Abercrombie offers for sale and sells its trademarked goods within the State of Florida, including this district, through its retail outlets and online retail websites. Defendants, through the sale and offering for sale of counterfeit and infringing Abercrombie branded products, are directly, and unfairly, competing with Abercrombie's economic interests in the State of Florida and causing Abercrombie harm within this jurisdiction.

5.      Like many other famous trademark owners in the apparel market, Abercrombie suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Abercrombie's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.

6.     In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Abercrombie expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides, and seminars. The recent explosion of counterfeiting over the Internet has created an environment that requires Abercrombie to file a number of lawsuits, often it later turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to the Abercrombie brand.

## THE DEFENDANTS

7.     Defendants operate through domain names registered with registrars in multiple countries, and are comprised of individuals, partnerships and/or business entities of unknown makeup, whom, upon information and belief, reside and/or operate in foreign jurisdictions, including the People's Republic of China. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants direct their business activities towards consumers throughout the United States, including within this district through the simultaneous operation of at least the fully interactive commercial Internet websites existing under the Subject Domain Names.

8.     Upon information and belief, Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by the same Defendant Number on Schedule "A" hereto.

9.     Upon information and belief, Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit branded products as alleged herein, often times as partners, co-conspirators and/or suppliers.

6

10.     Defendants are part of an ongoing scheme to create and maintain an illegal marketplace enterprise on the World Wide Web, which (i) confuses consumers regarding the source of Defendants' goods for profit, and (ii) expands the marketplace for illegal, counterfeit Abercrombie branded goods while shrinking the legitimate marketplace for genuine Abercrombie branded goods. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Abercrombie famous name and associated trademarks, as well as the destruction of the legitimate market sector in which Abercrombie operates.

11.     Defendants are the past and present controlling forces behind the operation of the Internet websites operating under, at least, the Subject Domain Names.

12.     Upon information and belief, Defendants directly engage in unfair competition with Abercrombie by (i) advertising, offering for sale and/or selling goods bearing counterfeits and infringements of one or more of Abercrombie's trademarks to consumers within the United States and this district through at least the fully interactive commercial Internet websites operating under the Subject Domain Names and additional domains and websites not yet known to Abercrombie and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from Abercrombie's legitimate marketplace for its genuine goods. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale and/or shipment of counterfeit Abercrombie branded goods into the State and by operating an illegal marketplace enterprise which impacts and interferes with commerce throughout the United States, including within the State of Florida.

13.     Upon information and belief, Defendants have registered, established or purchased, and maintained their respective Subject Domain Names, and the websites operating thereunder. Upon information and belief, many Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and/or misleading information to their various registrars during the registration or maintenance process. Upon information and belief, many Defendants have registered and maintained their Subject Domain Names for the sole purpose of engaging in illegal counterfeiting activities.

14.     Upon information and belief, Defendants will continue to register or acquire new domain names for the purpose of selling and/or offering for sale goods bearing counterfeit and confusingly similar imitations of Abercrombie's trademarks unless preliminarily and permanently enjoined. Moreover, upon information and belief, Defendants will continue to maintain and grow their illegal marketplace enterprise at Abercrombie's expense unless preliminarily and permanently enjoined.

15.     Defendants' entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Abercrombie and others.

16.     Defendants' business names, i.e., the Subject Domain Names and any other domain names used in connection with the sale of counterfeit and infringing goods bearing one or more of Abercrombie's trademarks, are essential components of Defendants' counterfeiting and infringing activities and are the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Abercrombie.  Moreover, Defendants are using Abercrombie's famous name and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby creating and increasing the value of the

Subject Domain Names and decreasing the size and value of Abercrombie's legitimate consumer marketplace at Abercrombie's expense.

## COMMON FACTUAL ALLEGATIONS

### Abercrombie's Trademark Rights

17.    Abercrombie is the owner of all rights in and to the trademarks, identified on Schedule "B" hereto (collectively the "Abercrombie Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The Abercrombie Marks are used in conjunction with the manufacture and distribution of quality goods in the categories identified on Schedule "B" hereto. True and correct copies of the Certificates of Registration for the Abercrombie Marks are attached hereto as Composite Exhibit "1."

18.    Long before Defendants began their infringing activities complained of herein, the Abercrombie Marks have been used in interstate commerce to identify and distinguish Abercrombie's quality goods for an extended period of time.

19.    The Abercrombie Marks have never been assigned or licensed to any of the Defendants in this matter.

20.    The Abercrombie Marks are symbols of Abercrombie's quality, reputation and goodwill and have never been abandoned.

21.    Further, Abercrombie has expended substantial time, money and other resources developing, advertising and otherwise promoting the Abercrombie Marks. The Abercrombie Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

22.    Abercrombie has extensively used, advertised, and promoted the Abercrombie Marks in the United States in association with the sale of quality goods and has carefully monitored and policed the use of the Abercrombie Marks.

23.     As a result of Abercrombie's efforts, members of the consuming public readily identify merchandise bearing or sold under the Abercrombie Marks, as being quality goods sponsored and approved by Abercrombie.

24.     Accordingly, the Abercrombie Marks have achieved secondary meaning as identifiers of quality goods.

25.     Genuine goods bearing the Abercrombie Marks are widely legitimately advertised, promoted, and sold by Abercrombie and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo! and Bing has become increasingly important to Abercrombie's overall marketing and consumer education efforts. Thus, Abercrombie expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Abercrombie to fairly and legitimately educate consumers about the value associated with the Abercrombie brand and the goods sold thereunder.

**Defendants' Infringing Activities**

26.     Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Abercrombie's ownership of the Abercrombie Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

27.     Upon information and belief, Defendants are promoting and advertising, distributing, selling and/or offering for sale goods in interstate commerce bearing counterfeit and confusingly similar imitations of the Abercrombie Marks (the "Counterfeit Goods") through the fully interactive, commercial Internet websites operating under the Subject Domain Names. True and correct copies of the web pages reflecting samples of the Internet websites operating under

the Subject Domain Names displaying the Abercrombie branded items offered for sale, are attached hereto as Composite Exhibit "2." Specifically, upon information and belief, Defendants are using identical copies of the Abercrombie Marks for different quality goods. Abercrombie has used the Abercrombie Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Abercrombie's merchandise.

28.    Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Abercrombie's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine quality products offered for sale by Abercrombie despite Defendants' knowledge that they are without authority to use the Abercrombie Marks. The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Abercrombie.

29.    Defendants advertise their Counterfeit Goods for sale to the consuming public via websites operating under, at least, the Subject Domain Names. In so advertising these products, Defendants improperly and unlawfully use one or more of the Abercrombie Marks without Abercrombie's permission. Indeed, Defendants herein misappropriated Abercrombie's advertising ideas and methods of doing business with regard to the advertisement and sale of Abercrombie's genuine goods. Upon information and belief, the misappropriation of Abercrombie's advertising ideas in the form of the Abercrombie Marks is, in part, the proximate cause of harm to Abercrombie.

30.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, and often times coordinated, advertising and SEO strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of the Abercrombie Marks. Specifically, Defendants, upon information and belief, are using counterfeits of Abercrombie's famous name and the Abercrombie Marks in order to make their websites selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for genuine Abercrombie goods. Defendants are causing concurrent and indivisible harm to Abercrombie and the consuming public by (i) depriving Abercrombie of its right to fairly compete for space within search engine results and reducing the visibility of Abercrombie's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Abercrombie Marks, (iii) increasing Abercrombie's overall cost to market its goods and educate consumers about its brand via the Internet, and (iv) maintaining an illegal marketplace enterprise which perpetuates the ability of Defendants and future entrants to that marketplace to confuse consumers and harm Abercrombie with impunity.

31.     Upon information and belief, Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and causing harm, within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Abercrombie and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Abercrombie does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

32.     Defendants' use of the Abercrombie Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without Abercrombie's consent or authorization.

33.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Abercrombie's rights for the purpose of trading on Abercrombie's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Abercrombie and the consuming public will continue to be harmed.

34.     Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Abercrombie's genuine goods and Defendants' Counterfeit Goods, which there is not.

35.     Further, several Defendants have registered its Subject Domain Name(s), using marks that are nearly identical and/or confusingly similar to at least one of the Abercrombie Marks (collectively the "Cybersquatted Subject Domain Names").

36.     Defendants do not have, nor have they ever had, the right or authority to use the Abercrombie Marks. Further, the Abercrombie Marks have never been assigned or licensed to be used on any of the websites operating under the Cybersquatted Subject Domain Names.

37.     Upon information and belief, Defendants have provided false and/or misleading contact information when applying for the registration of the Cybersquatted Subject Domain

Names, or have intentionally failed to maintain accurate contact information with respect to the registration of the Cybersquatted Subject Domain Names.

38.     Upon information and belief, Defendants have never used any of the Cybersquatted Subject Domain Names in connection with a bona fide offering of goods or services.

39.     Upon information and belief, Defendants have not made any bona fide non-commercial or fair use of the Abercrombie Marks on a website accessible under any of the Cybersquatted Subject Domain Names.

40.     Upon information and belief, Defendants have intentionally incorporated the Abercrombie Marks in their Cybersquatted Subject Domain Names to divert consumers looking for Abercrombie's Internet website to their own Internet websites for commercial gain.

41.     Given the visibility of Defendants' various websites and the similarity of their actions, it is clear Defendants are either related or, at a minimum, cannot help but know of each other's existence and the damage likely to be caused to Abercrombie and the overall consumer market in which it operates as a result of Defendants' concurrent actions.

42.     Although some Defendants may be acting independently, they may properly be deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to Abercrombie.

43.     Abercrombie has no adequate remedy at law.

44.     Abercrombie is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Abercrombie Marks. If Defendants' counterfeiting and infringing, cybersquatting, unfairly competitive activities, and their illegal marketplace enterprise, are not preliminarily and

permanently enjoined by this Court, Abercrombie and the consuming public will continue to be harmed.

45.     The injury and damages sustained by Abercrombie has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods and by the creation, maintenance and very existence of Defendants' illegal marketplace enterprise.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

46.     Abercrombie hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

47.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeits, copies, and/or colorable imitations of the Abercrombie Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

48.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing products bearing one or more of the Abercrombie Marks. Defendants are continuously infringing and inducing others to infringe the Abercrombie Marks by using them to advertise, promote, sell and/or offer to sell goods bearing the Abercrombie Marks.

49.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

50.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Abercrombie and are unjustly enriching Defendants at Abercrombie's expense.

51.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Abercrombie Marks in violation of Abercrombie's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

52.     Abercrombie has suffered and will continue to suffer irreparable injury due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

53.     Abercrombie hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

54.     Defendants' Counterfeit Goods bearing and sold under copies of one or more of the Abercrombie Marks have been widely advertised and offered for sale throughout the United States.

55.     Defendants' Counterfeit Goods bearing and sold under copies of the Abercrombie Marks are virtually identical in appearance to each of Abercrombie's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

56.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which

tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Abercrombie's detriment.

57.     Defendants have authorized infringing uses of one or more of the Abercrombie Marks, in Defendants' advertisement and promotion of their counterfeit and infringing branded products. Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

58.     Additionally, Defendants are using counterfeits and infringements one or more of the Abercrombie Marks in order to unfairly compete with Abercrombie and others for space within search engine organic results, thereby jointly depriving Abercrombie of a valuable marketing and educational tool which would otherwise be available to Abercrombie, and reducing the visibility of Abercrombie's genuine goods on the World Wide Web.

59.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

60.     Abercrombie has no adequate remedy at law and has sustained indivisible injury and damages caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Abercrombie will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

**COUNT III - CLAIM FOR RELIEF FOR CYBERSQUATTING PURSUANT TO § 43(d) OF THE LANHAM ACT (15 U.S.C. § 1125(d))**

61.     Abercrombie hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

62.     At all times relevant hereto, Abercrombie has been and still is the owner of the rights, title and interest in and to the Abercrombie Marks.

63.     Upon information and belief, several Defendants have acted with the bad faith intent to profit from the Abercrombie Marks and the goodwill associated with the Abercrombie Marks by registering and using the Cybersquatted Subject Domain Names.

64.     The Abercrombie Marks were distinctive and famous at the time Defendants registered the Cybersquatted Subject Domain Names.

65.     Defendants have no intellectual property rights in or to the Abercrombie Marks.

66.     The Cybersquatted Subject Domain Names are identical to, confusingly similar to, or dilutive of at least one of the Abercrombie Marks.

67.     Defendants' conduct is done with knowledge and constitutes a willful violation of Abercrombie's rights in the Abercrombie Marks. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindness to Abercrombie's rights.

68.     Defendants' actions constitute cybersquatting in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

69.     Abercrombie has no adequate remedy at law.

70.     Abercrombie has suffered and will continue to suffer irreparable injury and damages due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

71.     Abercrombie hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

72.     This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Abercrombie Marks, and (ii) creation and maintenance of

an illegal, ongoing marketplace enterprise operating in parallel to the legitimate marketplace in which Abercrombie sells its genuine goods, in violation of Florida's common law of unfair competition.

73. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit Abercrombie branded products. Defendants are also using counterfeits and infringements of one or more of the Abercrombie Marks to unfairly compete with Abercrombie and others for (i) space in search engine results across an array of search terms and (ii) visibility on the World Wide Web.

74. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Abercrombie Marks.

75. Abercrombie has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

76. Abercrombie hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

77. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Abercrombie Marks.  Abercrombie is the owner of all common law rights in and to the Abercrombie Marks.

78. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of one or more of the Abercrombie Marks.

79.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Abercrombie Marks

80.    Abercrombie has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

**PRAYER FOR RELIEF**

81.    WHEREFORE, Abercrombie demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.    Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Abercrombie Marks; from using the Abercrombie Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark or trade dress that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Abercrombie; from falsely representing themselves as being connected with Abercrombie, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Abercrombie; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Abercrombie Marks in connection with the

publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Abercrombie, or in any way endorsed by Abercrombie and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the Abercrombie name or the Abercrombie Marks; and from otherwise unfairly competing with Abercrombie.

      b.     Entry of temporary, preliminary and permanent injunctions enjoining Defendants from creating, maintaining, operating, joining, and participating in their World Wide Web based illegal marketplace for the sale and distribution of non-genuine goods bearing counterfeits of the Abercrombie Marks.

      c.     Entry of an order requiring Defendants, their agent(s) or assign(s), to assign all rights, title, and interest, to their Subject Domain Name(s) to Abercrombie and, if within five (5) days of entry of such order Defendants fail to make such an assignment, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

      d.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Abercrombie's request, the top level domain (TLD) Registry for each of the Subject Domain Names and any other domains used by Defendants or their administrators, including backend registry operators or administrators, place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

e.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority canceling for the life of the current registration or, at Abercrombie's election, transferring the Subject Domain Names and any other domain names used by Defendants to engage in their counterfeiting of the Abercrombie Marks at issue to Abercrombie's control so they may no longer be used for illegal purposes.

f.  Entry of an Order requiring Defendants to account to and pay Abercrombie for all profits and damages resulting from Defendants' trademark counterfeiting and infringing activities and that the award to Abercrombie be trebled, as provided for under 15 U.S.C. §1117, or, at Abercrombie's election with respect to Count I, that Abercrombie be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

g.  Entry of an Order requiring the relevant Defendants to account to and pay Abercrombie for all profits and damages resulting from those Defendants' cybersquatting activities and that the award to Abercrombie be trebled, as provided for under 15 U.S.C. §1117, or, at Abercrombie's election with respect to Count III, that Abercrombie be awarded statutory damages from the relevant Defendants in the amount of one hundred thousand dollars ($100,000.00) per cybersquatted domain name used as provided by 15 U.S.C. §1117(d) of the Lanham Act.

h.  Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Abercrombie's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

i.  Entry of an award of pre-judgment interest on the judgment amount.

j.      Entry of an Order for any further relief as the Court may deem just and

proper.

DATED: July 5, 2018.                Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: _s:/**Stephen M. Gaffigan**/_____
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiff

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME**

| Defendant Number | Defendant / Subject Domain Name |
|---|---|
| 1 | abercrombiesirelands.net |
| 1 | abnib.co.uk |
| 2 | 1elitemartialarts.com |
| 2 | 4monthsatsea.com |
| 2 | allthingsnewbyshari.com |
| 2 | amepa-maroc.com |
| 2 | carto-techniloire.com |
| 2 | dazelmusic.com |
| 2 | edutainmentteacher.com |
| 2 | mistress-elise-james.com |
| 2 | morningglorybbq.com |
| 2 | naturaltribulation.com |
| 2 | no-sugar-recipes.com |
| 3 | 4real-travel-writing.com |
| 3 | dj-jacka.com |
| 3 | elegancia-mode.com |
| 3 | jehyungkim.com |
| 3 | sophiebridelance.com |
| 3 | tattiechomper.com |
| 4 | aakaarmarbles.com |
| 4 | kevinooi.com |
| 4 | nao-cocomi.com |
| 4 | nexustoursandtravel.com |
| 5 | aboutcookingstore.com |
| 5 | arasiyalkalam.com |
| 5 | gcfunstuff.com |
| 5 | jesheehy.com |
| 5 | kobestylist.com |
| 5 | locauncorked.com |
| 5 | makerfairerouen.com |
| 5 | sklephp.com |
| 5 | thegaudyblog.com |
| 5 | visibleexpression.com |
| 5 | whimsybyskye.com |
| 6 | adventureexperiences.co.uk |

| Defendant Number | Defendant / Subject Domain Name |
|---|---|
| 6 | antiwrinkleskin.co.uk |
| 6 | edinburghfixedgear.co.uk |
| 6 | hcoshirtsaleau.com |
| 6 | lazypasta.co.uk |
| 6 | mediwork.co.uk |
| 7 | afriendlydraincleaner.com |
| 7 | gawindowtint.com |
| 7 | studiospacesantarosa.com |
| 8 | alessioraverachion.com |
| 8 | bhs-wedding-planner.com |
| 8 | caterersakshaya.com |
| 8 | cathyneuschafer.com |
| 8 | foxswift.com |
| 8 | sonheiassim.com |
| 9 | alexislondonbeauty.com |
| 9 | aoritma.com |
| 9 | artisanrenovationinc.com |
| 9 | decostyl17.com |
| 9 | intherawk9grub.com |
| 9 | jdcorrigan.com |
| 9 | massvoll-statt-voll.com |
| 9 | pacrimgourmet.com |
| 9 | pitturaolio.com |
| 9 | quindesamay.com |
| 9 | timsfashion.com |
| 10 | allgreennurseries.com |
| 11 | alwaysequestrian.com |
| 11 | mephistosgrill.com |
| 12 | anyasushko-blog.com |
| 12 | bciwilliston.com |
| 12 | computectransmissions.com |
| 12 | gulabo2h.com |
| 12 | lambianceur.com |
| 12 | lighthousehits.com |
| 12 | montecarlosunresort.com |
| 12 | ritzzdesign.com |
| 12 | teamtotaloutdoors.com |
| 13 | arandaenvivo.com |

| Defendant Number | Defendant / Subject Domain Name |
|---|---|
| 13 | colleyarchitects.com |
| 13 | fendermendersfredonia.com |
| 13 | palisadelumbernj.com |
| 13 | runwiththepackboston.com |
| 14 | arvadlockandkeyco.com |
| 14 | ccca-online.com |
| 14 | fredericolacerda.com |
| 14 | jeninthecity.com |
| 14 | newamsterdamshepherd.com |
| 14 | onsekizmartproje.com |
| 14 | plumbinginsanjoseca.com |
| 14 | sreeramcnc.com |
| 14 | yeesacupuncture.com |
| 15 | asokaaalloys.com |
| 15 | globalfmradio.com |
| 15 | naturalizationonline.com |
| 15 | prima-conseil.com |
| 15 | revivaltides.com |
| 15 | supirakenne.com |
| 15 | wildroseboudoir.com |
| 16 | asperband.com |
| 16 | cyruskazemi.com |
| 16 | rncconsultants.com |
| 16 | smashtune.com |
| 17 | aspiraations.com |
| 17 | enchantedimagesbymk.com |
| 17 | feliciathegem.com |
| 17 | marielouweb.com |
| 18 | avedatech.com |
| 18 | crisalidemusic.com |
| 19 | bandbservice-wy.com |
| 19 | s-a-melia.com |
| 20 | bedheavenplus.com |
| 20 | chhotidevi-bed.com |
| 20 | harbourwayja.com |
| 20 | pbaassocs.com |
| 20 | taxijoann.com |
| 21 | beealiveshots.com |

| Defendant Number | Defendant / Subject Domain Name |
|---|---|
| 22 | bestoutletstore2017.com |
| 23 | beykozpolatemlak.com |
| 23 | evergreensolos.com |
| 23 | kaiascreations.com |
| 23 | nokidontheblock.com |
| 23 | torerojapan-bathroom.com |
| 24 | beyondnormalllc.com |
| 25 | bina4life.com |
| 26 | brocblog.com |
| 26 | ferrarifunday.co.uk |
| 26 | luv2pass.co.uk |
| 26 | storyfest.co.uk |
| 27 | fairybluelight.com |
| 27 | gba-movie.com |
| 27 | hucknallmanufacturing.com |
| 27 | masterkitchencenter.com |
| 27 | newyearseveinadelaide.com |
| 27 | ts-tong.com |
| 28 | cantormetzger.com |
| 28 | skiandsuntours.com |
| 29 | carmelcreekfarm.com |
| 29 | keyandlock1.com |
| 29 | sartoriamarko.com |
| 29 | thepebbledgarden.com |
| 29 | vfcdistributorsqc.com |
| 30 | cedar-travel.com |
| 30 | gaec-du-chailloue.com |
| 30 | pascal-paysant.com |
| 30 | pepinieriste-lorris.com |
| 30 | spacefannews.com |
| 31 | centralcoastwindows.com |
| 31 | chuxtaposition.com |
| 31 | fernandoabbott.com |
| 31 | jenscoolstuff.com |
| 31 | larnemuseumandartscentre.com |
| 31 | radiocalcio.com |
| 32 | hollisteraustraliaonline.com |
| 32 | hollistershorts.co.uk |

| Defendant Number | Defendant / Subject Domain Name |
|---|---|
| 32 | theranchogrill.co.uk |
| 33 | cloudnethk.com |
| 34 | demellosglass.co.uk |
| 34 | m7marketing.us |
| 34 | taylorpest.us |
| 34 | valespecial.co.uk |
| 35 | cooking-for-beginners.com |
| 36 | cyberdatosltda.com |
| 37 | frameyourview.com |
| 38 | davidsspiritualmusing.com |
| 38 | familypawnshopwaipahu.com |
| 38 | j2konsults.com |
| 38 | keywest-locksmith.com |
| 38 | staciangelinamercado.com |
| 38 | suleymanerkisi.com |
| 38 | whyjaneausten.com |
| 38 | williamnogueraart.com |
| 38 | wooftheatre.com |
| 39 | daviesplumbingheating.com |
| 39 | fredjournal.com |
| 39 | inspiringom.com |
| 40 | southernspecific.com |
| 41 | donrogersincnj.com |
| 41 | h2downloads.com |
| 41 | wisdompropertylimited.com |
| 42 | drycleaning101.com |
| 42 | leveilauchocolat.com |
| 43 | dulkerianrugs.com |
| 43 | hotel-lecollier.com |
| 43 | naehzentrum-muenchen.com |
| 44 | ecogda.com |
| 44 | eldercarthew.com |
| 44 | electricien-franconville.com |
| 44 | lombokproperti.com |
| 44 | memorygardener.com |
| 44 | micronst.com |
| 44 | mosaicforum.com |
| 44 | nurhangazeryan.com |

| Defendant Number | Defendant / Subject Domain Name |
|---|---|
| 44 | orchidcart.com |
| 44 | rakuen1.com |
| 44 | reformkeikaku.com |
| 44 | rosiecoyote.com |
| 44 | wileyhill.com |
| 45 | famousladyastrologer.com |
| 45 | seahorsefab.com |
| 45 | warner-autobody.com |
| 46 | free-tabac.com |
| 47 | fuzzyearspetcare.com |
| 48 | galo-gutierrez.com |
| 49 | haveapieceofcake.com |
| 50 | heidigalloway.com |
| 50 | regulatoryreceiver.com |
| 50 | wirelesswalkietalkie.com |
| 51 | hhintegrativepharmacy.com |
| 52 | hollister-outlet.com |
| 53 | hollistersale.uk |
| 53 | hollistersale.us |
| 54 | quaintandquirkyeventhire.co.uk |
| 54 | rcfmg.co.uk |
| 55 | howwebstuffworks.com |
| 56 | iblpopenletter.com |
| 56 | oracleuserlist.com |
| 57 | idlechild.co.uk |
| 58 | igor-pejic.com |
| 58 | mixsdesign.co.uk |
| 59 | jdpavingandmasonry.com |
| 59 | metires.com |
| 59 | pythagoreanonline.com |
| 59 | rejoicenewengland.com |
| 59 | sobayakou.com |
| 60 | j-shampoo.com |
| 61 | laescuelateatromi.com |
| 61 | nbbdoc.com |
| 62 | lawbod50.com |
| 63 | linnheview.co.uk |
| 64 | manandvancamden.com |

| Defendant Number | Defendant / Subject Domain Name |
|---|---|
| 65 | newmediamadison.com |
| 66 | pilatesheadtotoe.com |
| 67 | pro-enviro.co.uk |
| 68 | promosyonvematbaa.com |
| 69 | rareearthmetalpricing.com |
| 70 | restaurantdomizana.com |
| 71 | rotherbridge.org.uk |
| 72 | sardegnainserzioni.com |
| 73 | shippingfortmyers.com |
| 74 | sonragonet.com |
| 75 | studiolegalesperro.com |
| 76 | taeleen.com |
| 77 | topfivealbums.com |
| 78 | x1technology.com |

## SCHEDULE "B"
## PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ABERCROMBIE & FITCH | 0,951,410 | January 23, 1973 | IC 025 - men's and women's clothing and footwear-namely pants, shirts, skirts, jackets, coats, gloves, mittens, hats, underwear, shoes, belts, caps. |
| abercrombie | 2,305,464 | January 4, 2000 | IC 025 - Clothing, namely, coats, jackets, knit shirts, woven shirts, t-shirts, shirts, underwear, pants, jeans, hats and shoes.<br><br>IC 035 - Retail clothing store services |
| ABERCROMBIE & FITCH | 2,500,146 | October 23, 2001 | IC 003 - personal care products, namely, perfume.<br><br>IC 014 - jewelry, namely, necklaces and bracelets.<br><br>IC 018 - handbags, tote bags and travel bags.<br><br>IC 025 - clothing, namely, t-shirts, sweatshirts, sweatpants, jeans, sandals, visors, tank tops, swimwear, bikinis and camisoles. |
| AF | 2,503,382 | November 6, 2001 | IC 025 - Clothing, namely, t-shirts, pants, shorts, and shirts |
| A & F | 2,530,664 | January 15, 2002 | IC 025 - clothing, namely, hats, caps, shirts, t-shirts, tank tops, knit tops, woven tops, halter tops, sweatshirts, sweatpants, underwear, boxer shorts, pants, short pants, jeans, skirts, footwear, sweaters, vests, coats, jackets, scarves.<br><br>IC 035 - retail personal care product and clothing store services and mail order catalog services featuring personal care products and clothing. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| HOLLISTER | 2,774,426 | October 21, 2003 | IC 025 - clothing, namely, shirts, t-shirts, tank-tops, knit tops, woven tops, sweatshirts, sweatpants, jogging pants, swimwear, boxer shorts, pants, short pants, jeans, dresses, skirts, belts, sweaters, vests, coats, jackets, sold exclusively in applicant's stores.<br><br>IC 035 - retail store services featuring clothing and personal care products provided exclusively in applicant's stores. |
|  | 3,212,644 | February 27, 2007 | IC 025 - clothing, namely, polo shirts, sweaters, t-shirts, shirts, knit tops, woven tops, sweatshirts, sweatpants, pants, shorts, caps, hats, scarves, jackets, coats, sandals, flip flops, belts, tank tops, underwear, boxer shorts, swim suits, pajamas, sleepwear. |
| HOLLISTER | 3,310,650 | October 16, 2007 | IC 025 - belts; blouses; boxer shorts; camisoles; caps; coats; footwear; halter tops; hats; jackets; jeans; knit shirts; loungewear; pants; sandals; scarves; shirts; shoes; shorts; skirts; sweat pants; sweat shirts; sweat shorts; sweaters; swim wear; t-shirts; tank tops; underpants; undershirts; underwear. |
| ABERCROMBIE | 3,484,799 | August 12, 2008 | IC 025 - coats; jackets; knit shirts; shirts; t-shirts; underwear; pants; jeans; hats; shoes. |
| A.FITCH | 3,494,503 | September 2, 2008 | IC 025 - Baseball caps; caps; fleece pullovers; hats; knit shirts; [pique shirts; polo shirts;] shirts; short-sleeved or long-sleeved T-shirts; short-sleeved shirts; sweat shirts; T-shirts |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| HCO | 3,529,071 | November 4, 2008 | IC 025 - clothing, namely, boxer shorts, caps, coats, hats, jackets, knit shirts, knit tops, loungewear, pants, shirts, slacks, sweat pants, sweat shirts, t-shirts and underwear.<br><br>IC 035 - retail store services and on-line retail services featuring clothing. |
|  | 3,745,497 | February 2, 2010 | IC 025 – clothing, namely, blouses, boxer shorts, camisoles, caps, coats, dresses, footwear, hats, jackets, jeans, knit shirts, knit tops, loungewear, pajamas, pants, scarves, shirts, shorts, skirts, sleepwear, sweat pants, sweat shirts, sweaters, swim wear, t-shirts, tank tops, undershirts, underwear and vests, all sold exclusively through applicant's Hollister stores and Hollister website. |
| FITCH | 3,827,154 | August 3, 2010 | IC 025 – Belts; Bottoms; Coats; Dresses; Footwear; Gloves; Headwear; Jackets; Leggings; Scarves; Sleepwear; Swimwear; Tops; Undergarments |
|  | 3,964,371 | May 24, 2011 | IC 025 - Clothing, namely, polo shirts, blouses, sweaters, t-shirts, knit shirts, knit tops, sweatshirts, sweatpants, sweat suits, pants, jogging suits, jeans, shorts, skirts, caps, hats, scarves, jackets, coats, sandals, flip flops, socks, belts, tank tops, underwear, boxer shorts, swim suits, pajamas, sleepwear and thongs<br><br>IC 035 - Retail store services and on-line retail store services featuring clothing, footwear, accessories, fragrances and jewelry |
| 1892 | 4,632,734 | November 4, 2014 | IC 025 - Belts; Bottoms; Coats; Dresses; Footwear; Gloves; Headwear; Jackets; Leggings; Scarves; Sleepwear; Swimwear; Tops; Undergarments |